**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **IN RE SARA MORALES-OTERO, et al,** | |
| **Debtors.** | **CASE NO. 17-1816 (GAG)** |
| **SCOTIABANK PUERTO RICO** | |
| **Appellant,** | **Bankruptcy Case No. 14-07201 (ESL)** |
| **v.** | |
| **SARA MORALES-OTERO, et al,** | |
| **Appellees.** | |

## OPINION AND ORDER

Scotiabank Puerto Rico appeals the bankruptcy court's order granting Debtors Sara Morales Otero and Juan B. Sánchez Marrero's objection to Scotiabank's Proof of Claim #10 and denying Scotiabank's Motion for Reconsideration. See Docket No. 1. For the reasons discussed below, the Court **AFFIRMS** the bankruptcy court's decision.

### I.     Relevant Factual Background

Debtors, appellees, filed for Chapter 11 bankruptcy. See Bankruptcy Case No. 14-7201. Scotiabank, appellant, filed Proof of Claim #10, claiming $65,073.39 for a mortgage note. (Docket No. 6-14 at 1). By mistake (according to Scotiabank), the supporting documents included a mortgage note belonging to a different loan. (Docket No. 6-12 at 1-2). They also included a correct deed, statement of account, title search, and certification from the Property Registry. See Docket No. 6-14. These documents, however, list R&G as the owner of the interest, not Scotiabank. Id. The only document listing Debtors Juan B. Sanchez-Marrero as borrower and Scotiabank as

Servicer is a payoff letter for the amount of $65,073.39. Id. at 3.

Debtors objected to Proof of Claim #10, arguing that it did not evidence that Scotiabank was either the holder of the promissory note or the beneficial interest holder to the associated mortgage. (Docket No. 6-10 at 7-8). The bankruptcy court granted Debtors' objection, holding that "the supporting documentation to [Proof of Claim #10] . . . does not show that the amounts indicated in the proof of claim are owed by the debtor, nor that there is a security interest over the property of the debtor." (Docket 6-11 at 18).

Scotiabank filed a motion for reconsideration, submitting the correct promissory note and explaining that it filed an incorrect note from a different case. See Docket No. 6-12. To Scotiabank's despair, the bankruptcy court denied its motion. (Docket No. 6-13 at 12). Subsequently, Scotiabank appealed the bankruptcy court's holding regarding Debtors' objection and the denial of the motion for reconsideration. (Docket No. 1-1).

## II. Standard of Review

"Appellate courts reviewing decisions of the bankruptcy court generally apply *de novo* review to conclusions of law and the 'clearly erroneous' standard to findings of fact." In re Vazquez, 471 B.R. 752, 759 (B.A.P. 1st Cir. 2012). Motions for reconsideration are reviewed under an abuse of discretion standard. Id. "Abuse occurs when a material factor deserving significant weight is ignored, when an improper factor is relied upon, or when all proper and no improper factors are assessed, but the court makes a serious mistake in weighing them." Perry v. Warner (In re Warner), 247 B.R. 24, 25 (1st Cir. BAP 2000) (quoting Indep. Oil & Chem. Workers of Quincy, Inc. v. Procter & Gamble Mfg., Co., 864 F.2d 927, 929 (1st Cir. 1988)).

## III. Discussion

The appeal raises two issues: (1) whether the bankruptcy court committed clear legal error

1  when it granted Debtors' objection to Proof of Claim #10, and (2) whether the bankruptcy court

2  abused its discretion when it denied Scotiabank's motion for reconsideration.

3      A. Objection to Proof of Claim

4      "A proof of claim is a written statement setting forth a creditor's claim." FED. R. BANKR.

5  P. 3001(a). When the debtor is an individual and the claim includes interests, fees, expenses, or

6  charges, the claimant must file an itemized statement of such. Id. (c)(2)(A). Likewise, "[i]f a

7  security interest is claimed in the debtor's property, a statement of the amount necessary to cure

8  any default as of the date of the petition shall be filed with the proof of claim." Id. (c)(2)(B). But

9  even if the claimant files an otherwise proper Proof of Claim, an objection must be sustained if

10  "such claim is unenforceable against the debtor and property of the debtor . . . ." 11 U.S.C.A. §

11  502.

12      Here, the bankruptcy court held that Proof of Claim #10 was unenforceable against the

13  Debtors because "the supporting documentation . . . does not show that the amounts indicated in

14  the proof of claim are owed by the debtor, nor that there is a security interest over the property of

15  the debtor." (Docket No. 6-11 at 18). The bankruptcy court's finding of fact that Proof of Claim

16  #10 lacked supporting documentation indicating that the Debtors owed approximately $65,000 to

17  Scotiabank was not clearly erroneous. While true that Scotiabank also included other documents

18  that evidenced that Debtors owed R&G the amount stated in Proof of Claim #10, there is nothing

19  proving that Scotiabank acquired such interest from R&G. Considering these documents and

20  applying *de novo* review, the Court affirms with the bankruptcy court's holding.

21      B. Motion for Reconsideration

22      The Court also holds that the bankruptcy court did not abuse its discretion when it denied

23  Scotiabank's motion for reconsideration.

24

**Civil No. 17-1816 (GAG)**

1  The Federal Rules of Civil Procedure and the Federal Rules of bankruptcy Procedure do

2  not recognize motions to reconsider as such, but they are treated as motions to alter or amend under

3  Federal Rule of Civil Procedure 59(c) or motions for relief from judgment under Federal Rule of

4  Civil Procedure 60(b). See In re Nivea, 470 B.R. 251, *1-2 (Bankr. D.P.R. 2012). "Which rule

5  applies depends essentially on the time a motion is served. If a motion is served within [fourteen]

6  days of the rendition of judgment, the motion ordinarily will fall under Rule 59(e). If the motion

7  is served after that time, it falls under Rule 60." Id. (quoting Van Skiver v. U.S., 952 F.2d 1241

8  (10th Cir. 1991). Here the contested order was entered on February 28, 2017; the motion for

9  reconsideration was filed on March, 28, 2017—therefore Rule 60 applies.[1]

10  Rule 60(b) applies to bankruptcy proceedings pursuant to bankruptcy Rule 9024, and

11  "provides that a party may seek relief from judgment for certain reasons, including: 'mistake,

12  inadvertence, surprise, or excusable neglect,' FED. R. CIV. P. 60(b)(1), or 'any other reason

13  justifying relief from the operation of the judgment.' FED. R. CIV. P. 60(b)(6)." In re Rodriguez

14  Gonzalez, 396 B.R. 790, 802 (B.A.P. 1st Cir. 2008). In the First Circuit, "[t]o prevail on a Rule

15  60(b) motion, the movant must demonstrate: (1) timeliness, (2) exceptional circumstances

16  justifying relief, and (3) the absence of unfair prejudice to the opposing party." Id.

17  Scotiabank argues it committed an inadvertent mistake. They "failed to initially recognize

18  and address the issue because this is Debtors [sic] third bankruptcy . . . ." and they "overlooked

19  the objection relativity [sic] the note." (Docket No. 6-12 at 2-3). As the First Circuit has held,

20  arguments "unaccompanied by some effort at developed argumentation, are deemed waived. . . . a

21

22

---

23  [1] Scotiabank argues that it filed within the fourteen-day period because it filed a Motion for Extension of Time to file
the Motion for Reconsideration on March 14, 2017. But Scotiabank does not argue why this should be considered
under Rule 59 instead of Rule 60(b) because of the extension, and proceeds to argue under the assumption that Rule
24  60(b) applies. See Docket No. 7-3 at 17.

**Civil No. 17-1816 (GAG)**

litigant has an obligation 'to spell out its arguments squarely and distinctly,' or else forever hold

its peace." United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990) (quoting Rivera-Gomez v. de

Castro, 843 F.2d 631, 635 (1st Cir. 1988)). Scotiabank hardly does so. The Court is left to wonder

what exceptional circumstances justify relief, and how this relief would not cause unfair prejudice

to the opposing party. "Beyond mentioning the word mistake . . . Scotiabank offered no

explanation of its argument." (Docket No. 13 at 12). On the other hand, Debtors listed several

instances where Scotiabank had an opportunity to realize its mistake and failed to correct it,

including the hearing its counsel failed to attend without the court's leave. Id. Strict use of

discretion is not necessarily abuse of discretion. Accordingly, the Court affirms the bankruptcy

court's denial of Scotiabank's motion for reconsideration.

**IV.    Conclusion**

For the reasons discussed above, the Court **AFFIRMS** the bankruptcy court's order

granting Debtors' objection to Proof of Claim #10 and denying Scotiabank's Motion for

Reconsideration.

**SO ORDERED.**

In San Juan, Puerto Rico this 20th day of December, 2017.

*s/ Gustavo A. Gelpí*
GUSTAVO A. GELPI
United States District Judge